# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODRIGO FLORES | 1: 09 CV 01529 LJO  DLB |
| Plaintiff(s), | SCHEDULING ORDER (Fed.R.Civ.P 16) |
| v. | Discovery Deadlines:<br>    Initial Disclosures: December 22, 2009<br>    Non Expert: April 30, 2010<br>    Expert: July 19, 2010 |
| MERCED IRRIGATION DISTRICT, et al., | Non-Dispositive Motion Deadlines:<br>    Filing: July 19, 2010<br>    Hearing: August 13, 2010 |
| Defendant. | Dispositive Motion Deadlines:<br>    Filing: September 15, 2010<br>    Hearing: November 15, 2010 |
| | Pre-Trial Conference:<br>    January 19, 2011 at 8:30 a.m.<br>    Courtroom 4 |
| | Trial:  March 7, 2011 at 8:30 a.m.<br>    Courtroom 4  JT 12 days |

**I.     Date of Scheduling Conference**

December 8, 2009.

**II.    Appearances of Counsel**

Lawrence D. Murphy appeared on behalf of Plaintiff.

Golnar Fozi and Athena Troy appeared on behalf of Defendant.

1

### III. Discovery Plan and Cut-Off Date

The parties are ordered to exchange the initial disclosures required by Fed .R. Civ. P. 26(a)(1) on or before December 22, 2009.

The parties are ordered to complete all discovery pertaining to non-experts on or before April 30, 2010 and all discovery pertaining to experts on or before July 19, 2010.

The parties are directed to disclose all expert witnesses, in writing, on or before May 17, 2010, and to disclose all supplemental experts on or before June 17, 2010. The written designation of experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.** Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

### IV. Pre-Trial Motion Schedule

All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed no later than July 19, 2010 and heard on or before August 13, 2010. Non-dispositive motions are heard on Fridays at 9:00 a.m., before the Honorable Dennis L. Beck, United States Magistrate Judge in Courtroom 9. **Counsel must comply with Local Rule 37-251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.**

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 6-142(d). However, if counsel does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 37-251.

Counsel may appear and argue non-dispositive motions by telephone, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five (5) court days before the noticed hearing date.  In the event that more than one attorney requests to appear by telephone then it shall be the obligation of the moving part(ies) to arrange and originate a conference call to the court.

All Dispositive Pre-Trial Motions shall be filed no later than September 15, 2010, Opposition shall be filed by October 15, 2010, Reply by November 1, 2010 and motions shall be heard no later than November 15, 2010, in Courtroom 4 before the Honorable Lawrence J. O'Neill, United States District Court Judge.  In scheduling such motions, counsel shall comply with **Local Rules 78-230 and 56-260**.

### **Motions for Summary Judgment or Summary Adjudication**

Prior to filing a motion for summary judgment or motion for summary adjudication the parties are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; 6)  to arrive at a joint statement of undisputed facts.

The moving party shall initiate the meeting and provide a draft of the joint statement of undisputed facts.  In addition to the requirements of Local Rule 56- 260 the moving party shall file a joint statement of undisputed facts.

In the notice of motion the moving party shall certify that the parties have met and conferred as ordered above or set forth a statement of good cause for the failure to meet and confer.

3

**V.  Pre-Trial Conference Date**

January 19, 2011 at 8:30 a.m. in Courtroom 4 before Judge O'Neill.

The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 16-281(a)(2).** The parties are further directed to submit a digital copy of their pretrial statement in Word Perfect X3[1] format, directly to Judge O'Neill's chambers by email at LJOOrders@caed.uscourts.gov.

Counsels' attention is directed to **Rules 16-281 and 16-282 of the Local Rules** of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

**VI.  Trial Date**

March 7, 2011 at 8:30 a.m. in Courtroom 4 before the Honorable Lawrence J. O'Neill, United States District Court Judge.

    A.  This is a jury trial.

    B.  Counsels' Estimate of Trial Time: 12 days.

    C.  Counsel's attention is directed to Local Rules of Practice for the Eastern District of California, Rule 16-285.

**VII.  Settlement Conference**

Should the parties desire a settlement conference, they will jointly request one of the court, and one will be arranged.  In making such request, the parties are directed to notify the court as to whether or not they desire the undersigned to conduct the settlement conference or to arrange for one before another judicial officer.

**VIII.  Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

Not applicable at this time.

---

[1] If WordPerfect X3 is not available to the parties then the latest version of WordPerfect or any other word processing program in general use for IBM compatible personal computers is acceptable.

### IX. Related Matters Pending

There are no pending related matters.

### X. Compliance with Federal Procedure

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

### XI. Effect of this Order

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **December 23, 2009**         /s/ **Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE