Daley & Heft, LLP, Attorneys at Law
Neal S. Meyers, Esq. (SBN 109625)
Golnar J. Fozi, Esq. (SBN 167674)
Athena B. Troy, Esq. (SBN 260092)
462 Stevens Avenue, Suite 201
Solana Beach, CA 92075
Telephone: (858) 755-5666
Facsimile: (858) 755-7870
E-mail: nmeyers@daley-heft.com
        gfozi@daley-heft.com
        atroy@daley-heft.com

Lawrence D. Murray (SBN 77536)
Murray & Associates
1781 Union Street
San Francisco, CA 94123
Telephone: (415) 673-0555
Facsimile: (415) 928-4084

Dean B. Gordon (SBN 61311)
Law Office of Dean B. Gordon
1220 East Olive Avenue
Fresno, CA 93728
Telephone: (559) 221-7777
Facsimile: (559) 221-6812

Attorneys for Plaintiff Rodrigo Flores

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT, FRESNO DIVISION**

| | |
|---|---|
| RODRIGO FLORES, | Case No. 1:09-CV-01529-LJO-DLB |
| Plaintiff, | **AGREED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION AND THE INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL** |
| v. | |
| MERCED IRRIGATION DISTRICT, a public entity, DAN POPE, and ROBERT BLUM, | |
| | DISTRICT JUDGE: Lawrence J. O'Neill |
| | COURTROOM: 9 |
| Defendants. | MAGISTRATE JUDGE: Dennis L. Beck |

**WHEREAS**, the undersigned Parties have agreed to, and the Court approves, the following terms governing confidential information and the inadvertent disclosure of privileged material, **IT IS HEREBY ORDERED THAT:**

1. (a) Any party may designate as "CONFIDENTIAL" any documents, discovery responses, electronic data, deposition transcripts, exhibits or other materials produced or

1

generated in this matter that it reasonably believes qualify for protection under standards developed under Federal Rule of Civil Procedure 26 (c) and orders of the court herein.

(b) Further, subject to the same standards set forth in paragraph 1(a), Either party may designate as "CONFIDENTIAL - ATTORNEY/EXPERT EYES ONLY" any documents, discovery responses, electronic data, transcripts, exhibits or other materials of: (a) any Merced Irrigation District current or former employee including, but not limited to, his or her personnel file; (b) any harassment, discrimination, workplace violence and/or retaliation complaint or investigation by or against the Merced Irrigation District involving any of its former or current employees; or, (iii) any other confidential personnel, private or confidential information involving a former or current Merced Irrigation District employee or applicant for employment. Documents and information so designated as "CONFIDENTIAL-ATTORNEY/ EXPERT EYES ONLY" shall not be disclosed to persons other than those described in Paragraph 4, infra, subsections (a), (b), (d), (e), (g) and (h);

(c) Further, subject to the same standards set forth in paragraph 1(a), Either party may designate as "CONFIDENTIAL - ATTORNEY/EXPERT EYES ONLY" any documents, discovery responses, electronic data, transcripts, exhibits or other materials of: (a) any personal, financial, medical, psychological, personal, private, or confidential information pertaining to plaintiff Rodrigo Flores or LaMonte Tumbling. Documents and information so designated as "CONFIDENTIAL-ATTORNEY/EXPERT EYES ONLY" shall not be disclosed to persons other than those described in Paragraph 4, infra, subsections (a), (b), (d), (e), (g) and (h);

2. Parties will exercise restraint and care in designating materials for protection.

(a) Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A designating party must take care to designate for protection only those specific parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

(b) Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties) are prohibited.

3. Designations in conformity with this Order may be made as follows:

(a) for any material that qualifies for protection under this Order, by clearly designating it as such before the material is disclosed or produced, except as otherwise provided in this Order or as otherwise stipulated or ordered;

(b) for information in documentary form (other than depositions or other transcripts), by stamping or labeling as CONFIDENTIAL or "CONFIDENTIAL-ATTORNEY/ EXPERT EYES ONLY" on each page that contains protected material. If either party believes that this labeling method is burdensome, the parties will meet and confer and agree upon an alternative means of designating protected material;

(c) for testimony given in deposition or other proceeding, by identifying on the record, before the close of the proceeding, all testimony that is considered "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY/EXPERT EYES ONLY"; and

(d) for information or items produced in some form other than documentary, by stamping or labeling the exterior of the container(s) in which the information or item is stored "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY/EXPERT EYES ONLY".

4. Documents and information designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY/EXPERT EYES ONLY" in accordance with this Order shall be used solely for the purpose of discovery, preparation, settlement, trial, and/or appeal of this action, and, unless the Court rules otherwise, such documents or information designated as "CONFIDENTIAL" shall not be disclosed to any person other than (a) counsel of record to any party to this Order; (b) the legal, clerical, paralegal, or other staff of such counsel to this action employed during the preparation for and settlement, trial and appeal of this action; (c) plaintiff Rodrigo Flores or LaMonte Tumbling; (d) the officers, agents and employees of defendant whom defendant believes in good faith have a need to review such documents or

information and those whom plaintiff believes in good faith have a need to review such documents or information; (e) persons retained by either party to this Order to furnish consultant or expert services or advice or to give expert testimony in this action (and their employees); (f) deponents, trial witnesses, potential witnesses [whom attorneys for plaintiff or defendant in good faith have determined need to review such documents or information] and court reporters in this action [subject to court order for any documents under seal]; (g) the Court, Court personnel and jurors [subject to court order for any documents under seal]; and (h) the author of the document or information. "CONFIDENTIAL" documents or information disclosed to any such person shall not be disclosed by him/her to any other person not included within the foregoing subparagraphs (a) through (h) of this paragraph. Documents and information so designated as "CONFIDENTIAL -ATTORNEY/EXPERT EYES ONLY" shall not be disclosed to persons other than those described in subsections (a), (b), (d), (e), (g) and (h), herein.

5. Any person who is to obtain access to material subject to this Order pursuant to paragraph 4(a), 4(b), 4(e), and 4(f) – as it relates to potential witnesses – shall prior to receipt of such material (a) be informed by the party providing access to such material of the terms of this Order; (b) agree in writing to be bound by the terms of this Order by executing the attached Agreement; and (c) submit to the authority of this Court for enforcement of this Order.

6. Except for use in deposition and trial of the matter, if counsel for a party herein shall hereafter desire to make material subject to this Order available to the author of protected material who is not entitled to disclosure pursuant to any person other than those referred to in paragraphs 4 above, such counsel shall designate the material involved, identify the person to whom he/she wishes to make disclosure, and inform counsel for the opposing party of their desire. If the parties are subsequently unable to agree on the terms and conditions of disclosure to persons not enumerated in paragraphs 4, disclosure may be made only on such terms as the Court may order.

///

7. If a party objects to the designation of any document or information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY/EXPERT EYES ONLY" counsel for the objecting party shall notify all counsel of record of the objection. The parties shall meet and confer regarding this dispute. If the parties' dispute regarding the objection cannot be resolved by agreement, counsel seeking the designation of that document or information as confidential may do so by filing a motion with this Court. The burden of persuasion in any such challenge proceeding shall be on the designating party. If the party seeking the designation does not file a motion within 15 calendar days of the conclusion of the meet and confer process, the document or information will be treated as non-confidential, subject to objection lodged by a third party. Counsel seeking to challenge the designation shall have the opportunity to oppose the designating party's motion. The documents or information in question shall remain under the protection of this Order pending ruling on the motion or the expiration of 15 calendar days after the meet and confer has concluded.

8. Without written permission from the party with an interest in protecting material subject to this Order, or a court order secured after appropriate notice to all interested persons, a party may not file in the public record (except under seal as provided in Civil L. R. 39-141) any material subject to this Order.

9. The provisions of this Order shall not terminate at the conclusion of this action. Within sixty days after final termination of this action, including any appeals, the parties shall return to counsel for a party that produced materials subject to this Order original and all copies of such materials. At such time, each party must certify in writing that the terms of this paragraph have been complied with. Notwithstanding the provisions of this paragraph, counsel are entitled to retain any attorney work product, even if it contains material subject to this Order. Any such retained materials shall remain subject to the terms of this Order.

10. Any material subject to this Order, and which is otherwise admissible, may be used at trial, provided, however, that the parties agree that they will work with the Court to identify trial procedures, including but not limited to court seals, that will protect and maintain the non-public nature of sensitive and confidential information.

11. Nothing contained in this Order, nor any action taken in compliance with it, shall (a) preclude any party or third party from objecting to the initial request, demand or exchange of any discovery or document which it considers confidential, privileged or otherwise subject to privacy protection; (b) operate as an admission or assertion by any witness or person or entity that any particular document or information is, or is not, confidential or (c) prejudice in any way the right of any party to seek a Court determination of whether it should remain confidential and subject to the terms of this Order. Any party to this Order may request the Court to grant relief from any provision of this Order.

12. Nothing herein constitutes or may be interpreted as a waiver by any party or third party of the attorney-client privilege, attorney work product protection, rights available to any party due to an inadvertent disclosure as provided by law or any other privilege or confidentiality right.

**IT IS SO ORDERED:**

DATED: February 18, 2010

/s/ Dennis L. Beck
DENNIS L. BECK
United States Magistrate Judge

**AGREED TO BY:**

DATED: February 11, 2010

Murray & Associates

s/Robert C. Strickland

Lawrence D. Murray
Robert Strickland
Attorneys for Plaintiff Rodrigo Flores
E-mail: daydrmn@aol.com
robertcstrickland@gmail.com

DATED: February 16, 2010

Daley & Heft, LLP

By: s/Athena B. Troy
Neal S. Meyers
Golnar J. Fozi
Athena B. Troy
Attorneys for Defendants
Merced Irrigation District;
Dan Pope, and Robert Blum
E-mail: nmeyers@daley-heft.com
gfozi@daley-heft.com
atroy@daley-heft.com

```
 1  Daley & Heft, LLP, Attorneys at Law
    Neal S. Meyers, Esq. (SBN 109625)
 2  Golnar J. Fozi, Esq. (SBN 167674)
    Athena B. Troy, Esq. (SBN 260092)
 3  462 Stevens Avenue, Suite 201
    Solana Beach, CA  92075
 4  Telephone:  (858) 755-5666
    Facsimile:  (858) 755-7870
 5  E-mail:  nmeyers@daley-heft.com
             gfozi@daley-heft.com
 6           atroy@daley-heft.com

 7  Attorneys for Defendants
    Merced Irrigation District;
 8  Dan Pope, and Robert Blum

 9  Lawrence D. Murray (SBN 77536)
    Murray & Associates
10  1781 Union Street
    San Francisco, CA 94123
11  Telephone: (415) 673-0555
    Facsimile: (415) 928-4084
12
    Dean B. Gordon (SBN 61311)
13  Law Office of Dean B. Gordon
    1220 East Olive Avenue
14  Fresno, CA 93728
    Telephone: (559) 221-7777
15  Facsimile: (559) 221-6812

16  Attorneys for Plaintiff Rodrigo Flores
```

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT, FRESNO DIVISION

| | |
|---|---|
| RODRIGO FLORES, | Case No. 1:09-CV-01529-LJO-DLB |
| Plaintiff, | **AGREEMENT TO BE BOUND BY AGREED PROTECTIVE ORDER** |
| v. | JUDGE: Lawrence J. O'Neill |
| MERCED IRRIGATION DISTRICT, a public entity, DAN POPE, and ROBERT BLUM, | COURTROOM: 9 MAGISTRATE: Dennis L. Beck |
| Defendants. | |

I, _____, the undersigned, hereby acknowledge that I have received a copy of the Agreed Protective Order entered in this action, and that I have read the Order and agree to be bound by all of the provisions in it. I recognize that during my participation in this

**1**

case, I may have occasion to read or hear matters that are designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY. I agreed not to disclose any such matter to any person not entitled to receive disclosure of same under the provisions of the Order and to use any such matter solely in connection with my participation in this case. I also agree to return any materials protected by the Order to counsel for the party that supplied me with such materials as soon as my participation in the case is concluded. I understand that violation of this Order may subject me to Court imposed sanctions or other penalties.

DATED: _____   _____
                            Print Name

DATED: _____   _____
                            Print Address

2
**Rodrigo Flores v. Merced Irrigation District**            Case No. 1:09-cv-01529-LJO-DLB
**AGREED PROTECTIVE ORDER GOVERNING CONFIDENTIAL
INFORMATION AND THE INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**