IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RODRIGO FLORES, | ) | 1:09cv1529 LJO DLB |
| | ) | |
| Plaintiff, | ) | ORDER REGARDING PLAINTIFF'S MOTION TO AMEND THE SCHEDULING ORDER AND MOTION SEEKING LEAVE OF COURT TO WITHDRAW RESPONSES TO REQUEST FOR ADMISSIONS |
| vs. | ) | |
| MERCED IRRIGATION DISTRICT, et al., | ) | (Documents 59 and 60) |
| Defendants. | ) | |

On October 22, 2010, Plaintiff Rodrigo Flores ("Plaintiff" or "Flores") filed a motion to amend the scheduling order and a motion seeking leave of court to withdraw responses to request for admissions. The matter was heard on November 19, 2010, before the Honorable Dennis L. Beck, United States Magistrate Judge. Robert Strickland appeared on behalf of Plaintiff. Athena B. Troy appeared telephonically on behalf of Defendants Merced Irrigation District ("MID"), Dan Pope and Robert Blum (collectively "Defendants").

**BACKGROUND**

Plaintiff filed this action on August 27, 2009. He asserts claims for race discrimination under Title VII and FEHA (Cal. Gov. Code § 12940); retaliation (28 U.S.C. § 2000 *et seq*. and Gov. Code

1

§ 12940); failure to take all steps to prevent discrimination/retaliation under Gov. Code § 12940; race discrimination under 42 U.S.C. §§ 1981 and1983; and declaratory relief (Equal Protection under Cal. Const. Art. 1 § 8).

The non-expert discovery deadline was July 30, 2010.  The non-dispositive motion cut-off was July 19, 2010.  The dispositive motion cut-off was September 15, 2010.  Trial is currently set for March 7, 2011.

Defendants filed a summary judgment motion on September 15, 2010.  The motion indicated that Plaintiff submitted untimely responses to MID's request for admissions and, therefore, were deemed admitted.

On October 5, 2010, Plaintiff filed an ex parte application to hear a motion to withdraw his discovery responses to MID's request for admissions on shortened time.  Finding a lack of good cause, the Court denied the application on October 12, 2010.

On October 13, 2010, Plaintiff filed a document entitled "Motion Seeking Leave of Court To Withdraw Responses to Requests for Admission After the Non-Dispositive Motion Cut-Off Date." On October 15, 2010, the Court ordered Plaintiff to file a motion to the amend the scheduling order and a motion to withdraw responses to requests for admissions.  Pursuant to the Court's order, Plaintiff filed both motions on October 22, 2010.  Defendants filed their oppositions on November 12, 2010.  Plaintiff submitted a supplemental brief on November 12, 2010.

The hearing on Defendants' motion for summary judgment was continued to December 7, 2010, pending resolution of the instant motions.

**DISCUSSION**

A.   Motion to Amend Scheduling Order

   1.   Legal Standard - Fed. R. Civ. P. 16

Rule 16(b) of the Federal Rules of Civil Procedure authorizes the district court to control and expedite pretrial discovery through a scheduling order and states that a schedule shall not be modified except upon a showing of good cause.  In this context, "good cause" has been linked with the diligence of the party requesting the modification.  See Zivkovic v. Southern California Edison

2

1 Co., 302 F.3d. 1080, 1087-1088 (9th Cir. 2002); Johnson v. Mammoth Recreations, Inc., 975 F.2d
2 604 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the
3 modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the
4 moving party's reasons for seeking modification." Johnson, 975 F.2d at 609. "If that party was not
5 diligent, the inquiry should end." Id.

6     2.    Analysis

7 Plaintiff requests that the July 19, 2010, non-dispositive motion deadline be extended to
8 allow him to file a motion to withdraw his responses to request for admissions.  To support his
9 request, Plaintiff argues that in assessing diligence, the Court should examine "(1) whether the
10 movant was diligent in assisting the Court in creating a workable Rule 16 scheduling order, (2)
11 whether the movant's noncompliance with deadlines occurred, notwithstanding its diligent efforts to
12 comply, because of matters unforeseen at the time of the Rule 16 scheduling conference, and (3)
13 whether the movant was diligent in seeking amendment of the scheduling order once it became
14 apparent that it could not comply with the order." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608
15 (E.D.Cal. 1999).

16 Plaintiff claims that he meets the first prong because (1) he was diligent in assisting the Court
17 in creating a workable scheduling report; and (2) he has actively worked with Defendant and this
18 Court to promptly address any issues regarding the timelines that arose throughout the course of this
19 litigation.  Plaintiff also states that he has been diligent in maintaining the deadlines.

20 Plaintiff further claims that he meets the second and third prongs because he immediately
21 moved to file his motion to withdraw admissions as soon as he learned that it was necessary.  As
22 with his *ex parte application*, Plaintiff explains that he submitted his response to MID's Request for
23 Admissions two weeks late due to clerical error.  The deadline to respond was incorrectly entered
24 into Plaintiff's master calendar under the wrong year.  Declaration of Lawrence Murray (Murray
25 Dec.) ¶ 6; Declaration of Joey Nakamura ("Nakamura Dec.") ¶ 4.  Plaintiff's counsel was unaware
26 that responses were overdue until receiving correspondence from defense counsel on April 2, 2010.
27 Murray Dec. ¶¶ 7-8; Nakamura Dec. ¶ 5.  Plaintiff subsequently served his responses on April 7,
28

3

2010, two weeks after they were due.

Plaintiff's counsel, Lawrence Murray, further reports that he mistakenly believed the late responses were valid. He also was "unaware" that Fed. R. Civ. P 36(a)(3) was self-executing and believed MID was obligated to file a motion (as in state court) to deem the responses admitted. Murray Dec. ¶¶ 10-12. The mistake was not discovered until Plaintiff's counsel began opposing Defendants' summary judgment motion. When he discovered the mistake, counsel immediately moved for relief on October 5, 2010, by filing an ex parte application. Murray Dec. ¶¶ 13-14.

The Court denied the ex parte application, stating:

> Plaintiff has not demonstrated good cause to hear the motion on shortened time. Plaintiff's counsel admits that he was aware the responses to requests for admissions were delinquent as early as April 2, 2010. Declaration of Lawrence Murray in Support of Ex Parte Application ¶ 8. Although the cutoff for non-dispositive motions was July 19, 2010, Plaintiff did not file a motion seeking leave to withdraw the deemed admissions before the deadline. Plaintiff's counsel claims that he was unaware that Federal Rule of Civil Procedure [36](a)(3) was self-executing. However, counsel's belief that Defendants had to apply for an order to deem the responses admitted is not well taken. At a minimum, MID's request for admissions cites Fed. R. Civ. P. 36 and clearly states:
>
>> YOU ARE FURTHER NOTIFIED THAT IF YOU FAIL TO COMPLY WITH THE PROVISIONS OF FEDERAL RULE OF CIVIL PROCEDURE 36 WITH RESPECT TO THIS REQUEST FOR ADMISSIONS, EACH OF THE MATTERS OF WHICH AN ADMISSION IS REQUESTED WILL BE DEEMED ADMITTED.
>
> Exhibit 3 to Declaration of Robert Strickland in Support of Plaintiff's Motion Seeking Leave of Court to Withdraw His Responses to Requests for Admissions.
>
> Further, even if Plaintiff's counsel presumably learned of the deemed admissions when reviewing Defendants' motion for summary judgment, there is no explanation for the delay in filing a motion to withdraw the deemed admissions. Defendants' summary judgment motion was filed on September 15, 2010, and Plaintiff waited more than two weeks to file the instant application.

Order Denying Plaintiff's Ex Parte Application, p. 2.

Plaintiff asserts that "to diligently fix the problem," he filed the motion to withdraw admissions the day following the Court's denial of the ex parte application. Plaintiff contends that

4

this "is not a situation in which Plaintiff treated the scheduling order as a 'frivolous piece of paper'" and he was diligent in applying to the Court once a problem was discovered. Motion, p. 5; *see, e.g., Masterpiece Leaded Windows Corporation v. Joslin*, 2009 WL 1456418, *3 (S.D. Cal. May 22, 2009) (district court found good cause to amend scheduling order where counsel presented evidence of mistake in calendaring dates). Plaintiff concludes that Defendants will not be prejudiced and that he should not be prevented from presenting his case due to clerical and attorney error.

Defendants counter that Plaintiff's argument focuses on the third factor identified in *Jackson v. Laureate*, which considers whether the movant was diligent in seeking amendment of the scheduling order once it became apparent that he could not comply with the order. Defendants assert that this factor only makes sense under circumstances in which the moving party could have complied with the Court's order. Defendants note that Plaintiff was aware that his responses were untimely as early as April 2, 2010. Defendants contend that had he been diligent, Plaintiff would have filed his motion to withdraw admissions at that time or, at the very least, before the non-dispositive motion cut-off date.

Defendants further counter that counsel's mistake regarding the Federal Rules is no excuse and constitutes "utter carelessness." Defendants indicate that Rule 36 has remained substantially the same since 1970 and the Scheduling Order includes the expectation that counsel familiarize themselves with the Federal Rules of Civil Procedure. Defendants also point to the language in MID's request for admissions, which the Court cited in its order on the *ex parte application*, notifying counsel of the risk of failing to timely respond.

The Court agrees that Plaintiff's counsel was not diligent and his mistake constitutes, at the very least, carelessness. Generally, the lack of diligence by counsel would be dispositive of the matter, but the Court is mindful that the procedural rules governing civil actions are to be construed to achieve the just determination of every action. Fed. R. Civ. P. 1. Indeed, it is well settled that the Federal Rules of Civil Procedure are to be "liberally construed to effectuate the general purpose of seeing that cases are tried on the merits and to dispense with technical procedural problems." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983) (quoting *Staren v. American Nat'l Bank & Trust*

*Co. of Chicago*, 529 F.2d 1257, 1263(7th Cir. 1976).  Thus, the Court considers the request to amend the scheduling order in conjunction with the relief he is seeking, i.e. withdrawal of his deemed admissions.

B.    <u>Motion for Relief from Deemed Admissions</u>

    1.    <u>Legal Standard - Fed. Rule Civ. P. 36</u>

Federal Rule of Civil Procedure 36(a)(3) provides, in part, that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter." Here, plaintiff failed to respond timely to the request for admissions ("RFA") propounded by MID.  Failure to respond to the requests is deemed an automatic admission.

Rule 36 permits a party to request relief from the admissions.  Rule 36(b) further provides that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Whether a party is entitled to relief in the form of withdrawal or amendment of responses to requests for admissions lies within the discretion of the district court. *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007). The Court determination of whether such relief is appropriate is governed by a two-pronged test: a "court may permit withdrawal or amendment if it would (1) promote the presentation of the merits of the action, and (2) if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Rule 36(b). The Court must consider both prongs to determine whether to permit relief:

> Admissions are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case and, second, to narrow the issues by eliminating those that can be. The rule is not to be used in an effort to 'harass the other side' or in the hope that a party's adversary will simply concede essential elements. Rather, the rule seeks to serve two important goals: truth-seeking in litigation and efficiency in dispensing justice. Thus, a district court must specifically consider both factors under the rule before deciding a motion to withdraw or amend admissions. *Conlon*, 474 F.3d at 622.

6

2. <u>Analysis</u>

*Presentation on the Merits*

Here, the first prong is met. Withdrawal of the requests for admissions would promote presentation of the case on the merits. The RFA admitted the absence of key elements of the complaint. Plaintiff's failure to respond to the RFA resulted in admissions including the following: (1) that he never personally witnessed an incident of harassment on the basis of race at MID*;* (2) that he has no facts supporting the assertion that Vanessa Lara, Ramiro Ceja, Andre Urquidez, and Cynthia Ardison, as members of the interview panel, discriminated again him on the basis of his race; (3) that certain persons were more qualified than he was for specific positions at MID; and (4) that Defendants Dan Pope and Robert Blum were not personally involved in any of the unlawful conduct alleged in the complaint. If the Court upheld these admissions, Plaintiff would be prevented from presenting the merits of his case. Thus, the first prong of the test is met because relief from the admissions would promote presentation of the merits.

*Prejudice to Defendants*

As to the prejudice prong, the Court focuses on the "the prejudice that the nonmoving party would suffer at trial." *Conlon*, 474 F.3d at 623-24 (stating additionally that "prejudice must relate to the difficulty a party may face in proving its case at trial"). The party who relies upon the deemed admissions has the burden of proving prejudice. *Id.* at 622.

Defendants argue that they will be prejudiced from the withdrawal of the admissions. They claim that they have relied on Plaintiff's admissions for over six months, through the entire discovery and dispositive motion cut-off dates, with no indication that Plaintiff ever intended to file a motion to withdraw his admissions. However, Defendants have had Plaintiff's responses to the RFA since April 2010, along with receiving answers to interrogatories and other discovery from Plaintiff. Defense counsel also has forthrightly admitted that Defendants did not forbear conducting any discovery in reliance on Plaintiff's deemed admissions.

Defendants also cannot establish prejudice by reliance on a deemed admission in preparing their summary judgment motion. Plaintiff responded to the summary judgment motion as if the

Court had granted leave to withdraw the deemed admissions and Defendants operated under the same assumption in their reply. Thus, there is no prejudice resulting from reliance on the deemed admissions at the summary judgment stage. Further, the Ninth Circuit has been reluctant to find that reliance on deemed admissions in preparing a motion for summary judgment and in foregoing other discovery, without more, constitutes sufficient prejudice to uphold deemed admissions. *See Conlon*, 474 F.3d at 624; *Hadley v. United States*, 45 F.3d 1345,1349 (9th Cir. 1995). Defendants also have not demonstrated that they would experience prejudice at trial from withdrawal of the admissions. *Conlon*, 474 F.3d at 624.

In light of the minimal prejudice to Defendants and to effectuate presentation of the case on its merits, the motion for relief from the deemed admitted RFAs will be granted. Nonetheless, the circumstances of this case demonstrate that Defendants have been required to expend time, effort and expense from what is clearly the fault of Plaintiff's counsel. Therefore, the Court finds it appropriate to require Plaintiff's counsel to pay Defendants' fees and costs incurred in responding to Plaintiff's motions to withdraw deemed admissions and motion to amend the scheduling order, and in preparing the portion of the summary judgment motion related to such admissions.

## CONCLUSION

Based on the above, the Court orders as follows:

1. Plaintiff's motion to amend the scheduling order is GRANTED for the limited purpose of seeking relief from deemed admissions;
2. Plaintiff's motion seeking relief from deemed admissions is GRANTED.
3. Plaintiff's counsel shall be required to pay Defendants' fees and costs incurred in responding to Plaintiff's motions to withdraw deemed admissions, motion to amend the scheduling order, and in preparing the portion of the summary judgment motion related to the deemed admissions.
    a. On or before December 3, 2010, Defendants' counsel shall submit a declaration setting forth the hours, fees and costs for defending against the motions and in preparing the relevant portion of the summary

judgment motion.

        b.      After being served with the declaration, Plaintiff shall have seven (7) days to file objections.

IT IS SO ORDERED.

**Dated:**   **November 23, 2010**                       /s/ **Dennis L. Beck**
                                                                   UNITED STATES MAGISTRATE JUDGE