IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RODRIGO FLORES, | ) | 1:09cv1529 LJO DLB |
| | ) | |
| Plaintiff, | ) ) ) ) ) | ORDER REGARDING ATTORNEYS' FEES RELATED TO MOTIONS TO AMEND SCHEDULING ORDER AND TO WITHDRAW ADMISSIONS (Docs. 67, 68 and 70) |
| vs. | ) ) | |
| MERCED IRRIGATION DISTRICT, et al., | ) ) | |
| Defendants. | ) ) | |

On November 23, 2010, the Court granted Plaintiff Rodrigo Flores' motion to amend the scheduling order and motion seeking relief from deemed admissions. In so doing and as a condition of granting the motion, the Court required Plaintiff's counsel to pay Defendants' fees and costs incurred in responding to Plaintiff's motions and in preparing a portion of the summary judgment motion related to the admissions. (Doc. 67)

Pursuant to that order, Defendants' counsel, Athena B. Troy, submitted her declaration setting forth the attorneys' fees and costs incurred in (1) addressing the deemed admissions in the motion for summary judgment; (2) opposing Plaintiff's ex parte application for an order shortening time to hear Plaintiff's motion seeking leave to withdraw his deemed admissions; and (3) opposing

1

Plaintiff's motions to amend the scheduling order and to withdraw responses to requests for admissions. (Doc. 68). According to the declaration, attorneys at the firm spent a total of 4.9 hours in preparing the relevant portion of the summary judgment motion, 5.6 hours opposing the ex parte application for an order shortening time, 8.3 hours opposing the motions to amend the scheduling order and to withdraw responses to request for admissions, 1 hour preparing for and attending the hearing on Plaintiff's motions and 1.5 hours reviewing time submittals and preparing the requested declaration. Declaration of Athena B. Troy ("Troy Dec.") ¶¶ 6-10. In total, Defendants' counsel spent 21.3 hours because of Plaintiff's untimely responses to the request for admissions. At an hourly rate of $160, this amounts to $3,408.00. Troy Dec. ¶11.

On December 8, 2010, Plaintiff filed an opposition to Defendants' attorney fees. Plaintiff raises two main arguments: (1) the award of attorney's fees was improper; and (2) the requested fees are unsupported and unreasonable. These arguments lack merit.

*Propriety of Attorney Fee Award*

Plaintiff contends that the request for attorney fees should be denied because he succeeded in having both of his motions granted. Citing Federal Rule of Civil Procedure 11, Plaintiff asserts that a court may award attorney fees to the *prevailing party* incurred in presenting or opposing a motion. Fed. R. Civ. P. 11(c)(2)(emphasis added).[1] Inherent in Plaintiff's argument is the suggestion that not only does the Court lack authority to award fees to Defendants, but that the conduct of Plaintiff's counsel does not warrant such a sanction.

Given his counsel's complete disregard for the plain reading of the Federal Rules of Civil Procedure and the deadlines in the Scheduling Order, Plaintiff's objection to a fee award is absurd. Plaintiff did not timely respond to the request for admissions. He did not timely move for withdrawal of the admissions. His counsel admitted ignorance of the applicable procedural rule. He delayed seeking leave of court to modify the scheduling order. Although the Court granted Plaintiff's subsequent motion to amend the Scheduling Order under Federal Rule of Civil Procedure

---

[1] Federal Rule of Civil Procedure 11 does not apply to disclosures and discovery requests, responses, objections and motions under Rules 26 through 37.

2

16, it was not based on any diligence by Plaintiff's counsel. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (Rule 16(b)' s "good cause" standard primarily considers the diligence of the party seeking the amendment; "carelessness is not compatible with a finding of diligence"). Rather, the Court elevated the general purpose of seeing that the case is tried on its merits over Plaintiff's procedural failures. In other words the Court granted the motion because the damage that would otherwise have been done to Plaintiff's case by reason of his counsel's multiple errors was too great. Plaintiff conveniently ignores that his counsel's failures forced Defendants to incur the requested attorneys' fees.

Plaintiff's contention that the Court lacked authority to award fees is equally absurd. Plaintiff failed to comply with the Scheduling Order and related discovery deadlines. Federal Rule of Civil Procedure 16(f) authorizes the imposition of fees and costs where a party fails to obey a scheduling or other pretrial order. A party or its attorney may be ordered to pay the reasonable expenses, including attorney's fees, because of any non-compliance with Rule 16. Fed. R. Civ. P. 16(f)(2). Further, Federal Rule of Civil Procedure 37(b) authorizes sanctions for failure to comply with discovery orders. Both parties and counsel may be held liable for expenses, including attorney's fees, caused by the failure to comply with discovery orders. Fed. R. Civ. P. 37(b)(2)(C); see also Fed. R. Civ. P. 37(c)(1)(A), (C).

Based on the above, the award of attorney's fees was not improper.

*Requested Fees*

Plaintiff alternatively contends that the requested fees are unreasonable and should be reduced. To support this contention, Plaintiff first asserts that fees should be reduced because Defendants did not submit documentation or time entries to support the fee request. Ninth Circuit precedent has clearly established that an award of attorney's fees may be based on the affidavits of counsel, so long as they are sufficiently detailed to enable the court to consider the factors necessary in setting the fees. Henry v. Gill Industries, Inc., 983 F.2d 943, 946 (9th Cir. 1993) (district court did not commit error in awarding attorney's fees for failure to engage in discovery based on declarations and affidavits of counsel). Here, the declaration of Defendants' counsel is sufficiently

3

detailed. It discloses the nature of the services rendered in connection with the relevant motions regarding the deemed admissions, the amount of attorney time consumed and the billing rate. Plaintiff's concern regarding unnecessary hours is unfounded given the limited scope of the fee award, i.e., time incurred as the result of Plaintiff's untimely admissions.

Plaintiff next asserts that Defendants' fees are excessive. Plaintiff posits that Defendants' 21.3 hours should be reduced to 6.5 hours. In reaching this figure, Plaintiff provides his suggestion as to what is "reasonable" based on the length and substance of the briefs filed by Defendants. Plaintiff's estimates are mere conjecture and speculation. There is no indication that the requested rates are inconsistent with prevailing rates in the community. Moreover, the Court is satisfied that the fees requested are reasonable and justified. There were multiple motions at issue and the challenged briefs were directed at potentially dispositive matters, namely Plaintiff's admissions.

**ORDER**

Based on the above, Plaintiff's objections are OVERRULED. The Court imposes sanctions against Plaintiff's counsel in the amount of **$3,408.00**. Sanctions must be paid to Defendants' counsel within twenty (20) days of the date of service of this order.

Failure to comply with this order may result in additional sanctions.


 IT IS SO ORDERED.

**Dated:   December 10, 2010**                              /s/ **Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE