IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODRIGO FLORES,<br><br>        Plaintiff,<br>   vs.<br><br>MERCED IRRIGATION DISTRICT,<br><br>        Defendant.<br>_____/ | CASE NO. CV F 09-1529 LJO DLB<br><br>**ORDER ON DEFENDANT'S EX PARTE APPLICATION TO ADD WITNESS** |

### Introduction

Defendant Merced Irrigation District ("MID") moves ex parte for an order to add Jill Ayala-Thompson ("Ms. Ayala") to the witness list for trial. MID contends that good cause appears to add Ms. Ayala to the witness list because she will be used as a rebuttal witness to the testimony of Constance Peraino ("Ms. Peraino"). Plaintiff Rodrigo Flores ("Mr. Flores") opposes the motion, arguing that MID failed to comply with initial disclosure obligations and Ms. Ayala's testimony is irrelevant and speculative. For the foregoing reasons, this Court finds good cause to allow MID to add Ms. Ayala to the witness list for the limited purpose of impeachment only.

### Background

Pursuant to this Court's scheduling order, non-expert discovery closed on July 30, 2010. Notwithstanding the expiration of the discovery cutoff, the parties deposed Mr. Flores' witness Ms. Peraino on February 8, 2011. Ms. Peraino's deposition took place after this Court's pretrial order issued.

In her deposition testimony–and for the first time–Ms. Peraino named Ms. Ayala as an apparent witness.  Ms. Peraino testified as follows:

> Q: Any who was Mr. Brown's secretary?
> A. Jill Ayala, I believe.
> Q. And was she present when Mr. Brown–strike that.  Was Jill Ayala present at any time Mr. Brown used the "N" word in your presence?
> A. I believe so, but I can't really recall.  It was in that area, and I do believe other people were in the room, but I didn't pay attention.
> Q. All right.  Let's break this down.
> A. Okay.
> Q. The very first time you heard Mr. Brown use the "N" word, who was present?
> A. I want to say his secretary and two gentlemen in mapping.
>
> ***
>
> Q. Have you talked to Jill Ayala to see if she recalled?
> A. No.
> Q. Anything else that Mr. Brown may have said?
> A. No.
> Q. So the first time you heard Mr. Brown use the "N" word, Jill Ayala and Jason and one other person in electrical mapping were also present; is that right?
> A. It was in their area, and I do not recall that they were there.  I believe so.
> Q. You believe they were present?
> A. I believe so.  It's been a long time.  I can't recall exactly.

Two days later, on February 10, 2011, MID moved in limine to exclude the testimony of Ms. Peraino. This Court denied that motion on February 21, 2011.  The next day, MID moved ex parte to include Ms. Ayala as a rebuttal witness to rebut the testimony of Ms. Peraino.

**Discussion**

Pursuant to Section Q of this Court's pretrial order, "[o]nly witnesses listed [in] the parties' joint pretrial statement (including "rebuttal" and/or "impeachment" witnesses) shall be allowed to testify at trial, except as may otherwise be provided by this Court's order after a showing of good cause[.]" MID argues that good cause exists to include Ms. Ayala as a rebuttal witness, because it will be prejudiced if it cannot offer the rebuttal testimony of Ms. Ayala to rebut the testimony of Ms. Peraino.  Ms. Peraino named Ms. Ayala on February 8, 2011.  MID moved in limine to exclude Ms. Peraino as a witness on February 10, 2011.  Because this Court denied MID's motion to exclude Ms. Peraino, good cause exists to allow MID to call Ms. Ayala as a rebuttal witness.

Mr. Flores argues that this Court should deny this motion because MID failed to comply with Fed. R. Civ. P. 26 initial disclosure obligations.  As Mr. Flores acknowledges, Fed. R. Civ. P. 26

2

requires a party to disclose information when it becomes "reasonably available." MID includes as an exhibit a letter to Mr. Flores seeking a stipulation to include a witness on February 15, 2011, with an offer of proof on February 17, 2011. This sharing of information and request for stipulation made within a week of when the information became available was reasonable.

Next, Mr. Flores asserts that MID had this information available since August 7, 2010. Ms. Peraino filed a declaration in a related case in which she declared that she heard Jem Brown ("Mr. Brown") using the "N" word. Ms. Peraino did not name Ms. Ayala in her declaration, however. From the evidence presented in this motion, it appears that the information first became available to MID at the February 8, 2011 deposition.

Finally, Mr. Flores argues that Ms. Ayala's testimony is irrelevant, speculative, and impermissible character evidence. Mr. Flores argues that there is no credible evidence that Ms. Ayala was present or within hearing distance of every encounter Ms. Peraino had with Mr. Brown and whether he used the "N" word. In addition, Mr. Flores contends that if Ms. Ayala were to testify that she never heard Mr. Brown using the "N" word, that is impermissible character testimony and irrelevant.

Mr. Flores' arguments are unavailing to the extent that MID seeks to introduce Ms. Ayala's testimony for the limited purpose to impeach Ms. Peraino were she to testify to an incident in which Ms. Ayala was present at the time she heard Mr. Brown use the "N" word. Were Ms. Peraino to testify to such facts, Ms. Ayala's testimony would be relevant and proper impeachment testimony. Accordingly, and in this limited circumstance, MID's motion to add Ms. Ayala to the witness list is GRANTED.

MID is cautioned, however, that this Court's order is limited, and Ms. Ayala is included as a rebuttal or impeachment witness only. Ms. Ayala may not be called to testify generally or to those matters outside of this limited purpose of impeachment.

The situation could have been avoided had the parties complied with this Court's scheduling order. When parties choose to ignore discovery cut-off dates and take deposition testimony so close to trial, late witnesses (which require late depositions) may arise. The parties are cautioned against such conduct in the future.

**Order**

For the foregoing reasons, this Court GRANTS MID's ex parte application to add Ms. Ayala to the witness list as a rebuttal witness to Ms. Peraino's testimony that Ms. Ayala was present when Mr. Brown used the "N" word.

IT IS SO ORDERED.

**Dated:** February 25, 2011         /s/ Lawrence J. O'Neill
                                     UNITED STATES DISTRICT JUDGE